125 Cal.Rptr.2d 319 (2002)
102 Cal.App.4th 232
In re James Greebe REEVES on Habeas Corpus.
No. G028823.
Court of Appeal, Fourth District, Division Three.
September 19, 2002.
Review Granted December 18, 2002.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster, Laura Whitcomb Halgren, and David Delgado-Rucci, Deputy Attorneys General, for Appellant California Department of Corrections.
Suzanne Rothlisberger and David K. Rankin, San Diego, under appointment by the Court of Appeal, for Respondent James Greebe Reeves.

*320 OPINION
SILLS, P.J.
The Department of Corrections (CDC) appeals the lower court's granting a writ of habeas corpus to inmate, James Greebe Reeves. Reeves was ordered to serve a five-year term in prison concurrent with a 10-year term for two separate cases. Because the five-year term was for a violent felony, the CDC applied Penal Code section 2933.1's[1] limitation on credits to the 10-year aggregate term. The trial court granted Reeves's petition for writ, finding the statute's limitation only applied to the five-year term attributable to the violent felony. We affirm.

FACTS
A jury convicted Reeves of drug possession with gang enhancements and prior conviction allegations in one case,[2] after he had already entered a guilty plea in another case to assault with force likely to produce great bodily injury with a great bodily injury enhancement as well as admitting the four prior conviction allegations. The plea was conditioned on the prosecution agreeing "to limit [the] max[imum] time on this case to one year [service] consec[utive to the other case]." It was also agreed that the prosecution would dismiss charges of street terrorism and an enhancement that the assault was for the benefit of a criminal street gang.
Reeves was sentenced to a total term of 10 years in prison for the drug case[3] and, in a separate proceeding a month later, five concurrent years in prison for the assault case. At the sentencing for the assault, the trial court informed him that he was entitled to only 15 percent credits due to the violent nature of the felony. Reeves was then sentenced for the assault but in conjunction with the sentence already imposed for the drug case.[4] Specifically, Reeves received three years for the three prior prison terms and the prior drug conviction enhancement in the drug case but no terms for them in the assault case.
After Reeves arrived in prison, the CDC calculated his release date as October 2006, applying the 15 percent Umitation on work or education credits found in section 2933.1[5] to the total term of 10 years. Disagreeing *321 with this calculation, Reeves petitioned the lower court for a writ of habeas corpus, contending the 15 percent limitation could only be applied to the portion of the sentence attributable to the violent felony, i.e., the five-year term. The lower court granted the writ, and the CDC appeals from this ruling.

DISCUSSION
The Attorney General, representing the CDC, contends the lower court erred when it granted the writ because, as a matter of law, the 15 percent limitation applies to a violent felon, not just the violent felony. That was the general rule enunciated in People v. Ramos (1996) 50 Cal.App.4th 810, 58 Cal.Rptr.2d 24 which focused on certain language in section 2933.1: "`... [A]ny person who is convicted of a felony offense listed in Section 667.5'" must have his or her credits[6] limited to 15 percent of the time actually spent in custody. (Ramos, supra, 50 Cal. App.4th at p. 815, 58 Cal.Rptr.2d 24, quoting § 2933.1, subd. (a), emphasis added.)
In Ramos, the defendant was ordered to serve 22 years in prison for eight counts of robbery and three counts of drug offenses. Several of the robbery counts carried enhancements, including two for inflicting great bodily injury and eight for using a gun. On appeal, Ramos contended his credits for the consecutive sentence on the drug counts should be calculated under section 4019not the 15 percent limitation of section 2933.1, subdivisions (a) and (c) because the drug charges did not qualify as violent felonies. This interpretation of section 2933.1 was rejected as being contrary to the express language of the statute. The statute used the phrase, violent felon, as its pivot, not the violent felony. The Ramos court noted that "[t]he Legislature could have confined the 15 percent rule to the defendant's violent felonies if that had been its intention." (Ramos, supra, 50 Cal.App.4th at p. 817, 58 Cal. Rptr.2d 24.) However, it failed to do so, confining the credit limitation to the person convicted of any violent felony, thus promoting "the manifest purpose of section 2933.1 [which is] to limit the ... credits for violent felons." (Id. at p. 816, 58 Cal. Rptr.2d 24.)
In the case before us, the lower court rejected the CDC's argument to apply the Ramos holding. Instead, it opined that it would be improperly expanding the rule to apply it to a situation in which the nonviolent felony was charged and proved separately from the violent felony. The lower court noted that the Ramos rule is applicable to cases in which subordinate felonies are not violent felonies (see People v. Palacios (1997) 56 Cal.App.4th 252, 255-256, 65 Cal.Rptr.2d 318), but distinguished subordinate felonies filed within the same pleading from those filed in separate cases.[7]
*322 To reach its finding, the lower court relied on three cases that involved defendants whose "current convictions" were for violent felonies. (See e.g., People v. Thomas (1999) 21 Cal.4th 1122, 1129, 90 Cal.Rptr.2d 642, 988 P.2d 563; In re Mitchell (2000) 81 Cal.App.4th 653, 656, 97 Cal.Rptr.2d 41; People v. Caceres (1997) 52 Cal.App.4th 106, 111, 60 Cal.Rptr.2d 415.)[8] Drawing on this phrase, the trial court here issued the writ, rejecting section 2933.1's application to Reeves's 10year prison sentence on the drug case after finding the drug conviction was not "current" with the violent felony of assault with great bodily injury.
The Attorney General contends the trial court erred in its ruling due to a misunderstanding of the rules of statutory interpretation. "To determine the meaning of a statute, we seek to discern the sense of its language, in full context, in light of its purpose." (People v. Cooper, supra, 27 Cal.4th at p. 45, 115 Cal.Rptr.2d 219, 37 P.3d 403 [§ 2933.1 does not contradict § 190, the Briggs Initiative].) "We begin by examining the statutory language, giving the words their usual and ordinary meaning. [Citation.] If there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs. [Citations.] If, however, the statutory terms are ambiguous, then we may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.] In such circumstances, we '"select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." ...'" (Day v. City of Fontana (2001) 25 Cal.4th 268, 272, 105 Cal.Rptr.2d 457,19 P.3d 1196.)
Section 2933.1, subdivision (a), states that "[notwithstanding any other law, any person who is convicted of a [violent] felony offense ... shall accrue no more than 15 percent of worktime credit, as defined in section 2933." (See fn. 1, ante.) Section 2933 provides a scheme by which prison inmates may accrue credits, based on their participation in work or education programs, to reduce their prison sentences ordered under the determinate sentencing law of section 1170.
A reading of section 2933.1 reveals the statute, on its face, is straightforward and unambiguous. Under the ordinary meaning of its words, a violent felon cannot accrue the full credits of section 2933 by participating in vocational or educational programs. However, the statute fails to address whether it can be applied to felons who are already serving prison sentences for nonviolent offenses when convicted of a *323 violent felony, or to felons who are sentenced on a separate, nonviolent case simultaneously or in conjunction with the violent felony. Thus, an ambiguity exists as to the statute's application in those situations. (See People v. Thomas, supra, 21 Cal.4th at p. 1129, 90 Cal.Rptr.2d 642, 988 P.2d 563 ["the relevant statutory language [of § 2933.1] is ambiguous"].)
The Ramos case attempted to address and resolve this quandary, but Reeves argues that its holding should be confined to presentence custody credits for consecutive sentences on charges brought and tried together. (See People v. Ramos, supra, 50 Cal.App.4th at p. 817, 58 Cal.Rptr.2d 24.) Reeves contends Ramos appealed only that part of the sentencing order that limited his worktime credits to 15 percent based on the actual days spent in custody before the sentence was imposed. Thus, the holding involved only presentence credits, argues Reeves, and must be limited to them. He also assumes that the Ramos opinion pivoted on the fact that both the violent and nonviolent charges were charged and tried together. Because of this alleged dependence, he again asserts that the holding must be limited to charges brought and tried together. (See e.g., People v. Duran (1998) 67 Cal. App.4th 267, 78 Cal.Rptr.2d 884; People v. Aguirre (1997) 56 Cal.App.4th 1135, 66 Cal.Rptr.2d 77; People v. Palacios, supra, 56 Cal.App.4th 252, 65 Cal.Rptr.2d 318.)
The Attorney General disputes these arguments and requests we review the legislative history for section 2933.1, which states that "any person who is convicted of a violent felony, as defined, shall accrue no more than 15% of worktime credit ..." (Legis. Counsel's Dig., Assem. Bill No. 2716, 5 Stats. 1994 (1993-1994 Reg. Sess.) Summary Dig., p. 273) "`[i]n order to protect the public from dangerous repeat offenders who otherwise would be released (People v. Ramos, supra, 50 Cal.App.4th at p. 817, 58 Cal.Rptr.2d 24, quoting Stats.1994, ch. 713 (Assem. Bill No. 2716), § 2, p. 3448.) These statements of intent are consistent with the explicit purpose of Section 1170, subdivision (a)(2), which states that rehabilitation or education programs for prison inmates are intended only for non-violent and first-time offenders. Hence, anyone who has ever been convicted of a violent felony is barred from earning more than 15 percent work credits.
The Attorney General likewise contends that this interpretation is consistent with section 1170.1, a statute designed to execute the intent of the Determinate Sentencing Law generally pronounced in section 1170. Section 1170.1 delineates how aggregated sentences are to be calculated and pronounced. Under section 1170.1, subdivision (a), whenever a person "is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1...." (Emphasis added.)
Section 1170.1 defines aggregate terms as those ordered to be served consecutively, not terms ordered to be served concurrently. Had Reeves been ordered to serve the time for the assault case consecutively to the drug caseas the original plea to the assault charges indicated it would be we would have no difficulty in agreeing with the Attorney General's argument. However, we are not dealing with an aggregate *324 sentence, as defined by section 1170.1.
Although the legislative history for the statute resolves section 2933.1's ambiguity, language in People v. Thomas, supra, 21 Cal.4th at page 1129, 90 Cal.Rptr.2d 642, 988 P.2d 563, is helpful and instructive. In determining if all Three Strikes defendants are necessarily serious felons because their sentence terms are life terms as recidivists, the Court held that section 2933.1's credit limits are confined to those defendants whose "current conviction" is a violent offense. By focusing on the specific offense as violentand not defining the offense as violent based on the actual term in prison the defendant receivedthe Court strictly interpreted the application of section 2933.1. The Court reasoned that, without such a limitation, virtually all Three Strike defendants would have their sentences enhanced with the five-year "serious felony" enhancement of section 667, subdivision (a), as well as receiving the 25-years-to-life term under the Three Strikes law. The Court had already rejected such a result in People v. Superior Court (Romero) (1996) 13 Cal.4th 497, 529, 53 Cal.Rptr.2d 789, 917 P.2d 628. Therefore, it decided that, "[g]iven this limitation of section 667(a) five-year enhancements to recidivists whose current offenses are serious, it is equally appropriate to limit sections 2933.1 and 667.5(c)(7) to defendants whose current offenses, in and of themselves, and without reference to the punishment accorded under the [T]hree [S]trikes law, are violent. [Citation.]" (Thomas, supra, 21 Cal.4th at p. 1129, 90 Cal.Rptr.2d 642, 988 P.2d 563.)
Quite recently, a sister court has agreed with this approach. In re Black (2002) 101 Cal.App.4th 1026, 124 Cal.Rptr.2d 835 held that a defendant convicted of a violent felony in 1995 could not have his credits limited to 15 percent after being convicted of a drug offense in 1999. However, the emphasis in that case was placed on the historical nature of the violent felony: It had occurred four years before the nonviolent felony for which Black was being sentenced at present.
Reflecting on past decisions dealing with the need to define "current convictions," it appears that a narrow interpretation of the phrase has been consistently drawn. In People v. Woodhead (1987) 43 Cal.3d 1002, 239 Cal.Rptr. 656, 741 P.2d 154, as well as Thomas, current convictions are limited to immediate convictions, not past convictions.
Moreover, in the event there are two reasonable statutory interpretations, "the policy of this state is to construe the statute as favorably to the defendant as its language and the circumstance of its application reasonably permit. The defendant is entitled to the benefit of every reasonable doubt as to the reasonable interpretation of words or the construction of a statute. [Citations.]" (People v. Ramos, supra, 50 Cal.App.4th at p. 816, 58 Cal. Rptr.2d 24.) Considering all the arguments and authorities presented in this case, a most reasonable interpretation of section 2933.1, subdivision (a), would be to interpret the clause, "any person who is convicted of a [violent] felony," to one who was currently convicted and not include one who has been convicted either in the distant past or separately from the conviction under scrutiny.
The order granting the writ is affirmed.
WE CONCUR: RYLAARSDAM and BEDSWORTH, JJ.
NOTES
[1] Section 2933.1 provides, in subdivision (a), that "any person who is convicted of a felony offense listed in Section 667.5 shall accrue no more than 15 percent of worktime credit, ..."

All further section references are to the Penal Code.
[2] We rejected his contentions in his appeal of this conviction and affirmed the judgment in its entirety in an unpublished opinion.

Reeves argues that this drug case was a "non-Strike" offense, i.e., possession for sale of methamphetamine was neither a serious felony nor a violent felony. At the time of the conviction, it was not. However, section 1192.7, subdivision (c)(28) was amended a year following the conviction, making any felony carrying the gang enhancement a serious felony. For purposes of this appeal, however, the matter is irrelevant.
[3] The court imposed two years for possession of methamphetamine for sale, two more years for the enhancement that the possession was for the benefit of a criminal street gang, three more years for Reeves's prior drug conviction and, finally, three years for his three prior prison terms.
[4] Although the trial court failed to specify on the record that the five years' term for the assault case be served concurrently with the 10 years' term for the drug case, all parties agree that was the intention. Moreover, section 669 provides that a subsequent judgment must be served concurrently with an earlier sentence unless ordered to be served consecutively.
[5] See footnote 1, ante. However, subdivision (d) of section 2933.1 limits application of the 15 percent limitation to violent felonies committed after 1994. The violent felonies as listed in section 667.5, subdivision (c), include any crime in which great bodily injury is inflicted (subd. (c)(8)) but do not include possession for sale of methamphetamine.
[6] Section 2933.1, subdivision (a) applies to postsentence conduct or work credits; sections 2900.5 and 4019and section 2933.1, subdivision (c)relate to presentence conduct credits. (See e.g., People v. Cooper (2002) 27 Cal.4th 38, 46, 115 Cal.Rptr.2d 219, 37 P.3d 403.) Thus, any reference to credits by the trial court at the sentencing related only to presentence credits and not the total credits under section 2933.1.
[7] The trial court erred in its use of the phrase, subordinate term. A subordinate term is the term "for each consecutive offense [which] shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses." (§ 1170.1, subd. (a), emphasis added.) In Reeves's case, the terms were ordered concurrently served. (Cf. § 669.) As Reeves did not receive a consecutive term for the assault case, the 10-year sentence on the drug case was not "subordinate" to the 5-year assault sentence, or vice-versa. (See also People v. Reyes (1989) 212 Cal.App.3d 852, 856, 260 Cal.Rptr. 846.)
[8] People v. Thomas, supra, 21 Cal.4th 1122, 90 Cal.Rptr.2d 642, 988 P.2d 563, held that a person sentenced under the "Three Strikes" law to a life term was not necessarily barred from accruing the normal presentence credits under section 4019. Only felons sentenced to prison under a Three Strike sentence involving a violent felony fell under section 2933.1. (Id. at p. 1129, 90 Cal.Rptr.2d 642, 988 P.2d 563.)

In re Mitchell, supra, 81 Cal.App.4th 653, 97 Cal.Rptr.2d 41, held that section 2933.1 applies to only violent felonies.
People v. Caceres, supra, 52 Cal.App.4th 106, 60 Cal.Rptr.2d 415, held that section 2933.1 applies if the case triggering the Three Strikes sentence includes a violent felony.