124 Cal.Rptr.2d 835 (2002)
101 Cal.App.4th 1026
In re Charles Alex BLACK on Habeas Corpus.
No. A094946.
Court of Appeal, First District, Division Five.
September 5, 2002.
Review Granted December 18, 2002.
*836 Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Paul D. Gifford, Senior Assistant Attorney General, Darrell Lepkowsky, Senior Assistant Attorney General, Timothy C. Foote, Supervising Deputy Attorney General, Susan E. Myster, Deputy Attorney General, for Appellant.
Matthew Zwerling, L. Richard Braucher, Richmond, First District Appellate Project, for Respondent.
STEVENS, J.
Edward S. Alameida, Jr., as Director for the Department of Corrections, appeals from an order granting respondent's writ of habeas corpus and directing the Department of Corrections to recalculate respondent's worktime credits for his drug conviction. We consider whether the 15 percent limitation on worktime credits for violent felonies (Pen.Code, § 2933.1)[1] applies to a nonviolent felony conviction respondent suffered over two years after his conviction for a violent felony offense. We affirm the trial court's order.

I. FACTS AND PROCEDURAL HISTORY

In 1996, respondent Charles Alex Black (Black) entered a plea of guilty in Alameda County Superior Court (case No. 126627) to a charge of assault with a firearm (§ 245, subd. (a)(2)) and admitted an enhancement allegation that he personally used a firearm in the commission of the offense (§ 12022.5). In September of 1996, Black received a five-year sentence to the Department of Corrections (Department), comprised of the low term of two years for assault with a firearm and a three-year consecutive term for the firearm use enhancement. Because Black was convicted of a violent felony under section 667.5, the worktime credits he received were limited to 15 percent of the five-year prison term. (§ 2933.1, subd. (a).)
*837 Several years later, and while serving this sentence, Black was charged in Solano County Superior Court (case No. C48244) with possession of an illegal substance (marijuana) by a prisoner. (§ 4573.6.) After pleading no contest to this offense in March 1999, Black was sentenced to a three-year prison term, to be served concurrently with the five-year term he was already serving for the Alameda County violent felony offense.
In setting Black's parole release date, the Department determined that the 15 percent credit limitation of section 2933.1, subdivision (a), applied not only to Black's 1996 violent felony conviction, but also to his 1999 conviction for the section 4573.6 drug offense (not a violent felony). This decision was based on the Department's understanding that section 2933.1 applied to the offender, rather than to the nature of the particular offense, under People v. Ramos (1996) 50 Cal.App.4th 810, 58 Cal. Rptr.2d 24 (Ramos). As a result of this calculation, Black's term of incarceration was extended by approximately one year.
In October 2000, Black challenged the Department's decision by filing a petition for writ of habeas corpus in Solano County Superior Court, claiming he was entitled to up to 50 percent credits under section 2933 on the concurrent three-year sentence, rather than 15 percent. The trial court issued the writ, ruling as follows: "There is no specific case law that instructs this court regarding the application of Penal Code section 2933.1 to a concurrent sentence for a nonviolent offense imposed subsequent to that for a violent offense. This court concludes that the calculations as Currently made by the California Department of Corrections are contrary to the spirit and mandates of section 2933.1." The Department was therefore ordered to recalculate the prisoner's worktime credits on the drug conviction at 50 percent.
The Department appealed this ruling.

II. DISCUSSION

Under section 2933, a prisoner may earn worktime credits while serving his prison sentence. Subdivision (a) of section 2933 reads: "It is the intent of the Legislature that persons convicted of a crime and sentenced to the state prison under Section 1170 [the Determinate Sentencing Act] serve the entire sentence imposed by the court, except for a reduction in the time served in the custody of the Director of Corrections for performance in work, training or education programs established by the Director of Corrections." (Italics added.) In general, for each six months spent in an approved worktime program, the prisoner receives a credit of up to six months, thus reducing the period of incarceration by as much as 50 percent.[2]
There is a limit, however, on the amount of post-sentence worktime credits (and pre-sentence good conduct credits under section 4019) that may be accrued by a prisoner convicted of a violent felony within the meaning of section 667.5. (§ 2933.1; see People v. Aguirre (1997) 56 Cal. App.4th 1135, 1139, 1140, 66 Cal.Rptr.2d 77 (Aguirre).) Under section 2933.1, subdivision (a), "any person who is convicted" of a felony offense listed in section 667.5 can offset no more than 15 percent of his *838 sentence with worktime credits earned under section 2933. Under subdivision (c) of section 2933.1, a person convicted of such an offense can offset his sentence under section 4019 by no more than 15 percent of his actual period of pre-sentence confinement in a city or county jail or similar facility. (See generally People v. Buckhalter (2001) 26 Cal.4th 20, 30-32, 108 Cal. Rptr.2d 625, 25 P.3d 1103 (Buckhalter).)[3]
As mentioned, Black was convicted in 1996 of a felony offense listed in section 667.5. Section 667.5, subdivision (c), which enumerates "violent felonies," includes "any felony in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5 ...." (§ 667.5, subd. (c)(8).) The 15 percent limitation of section 2933.1, subdivision (a), was properly applied in calculating credits with respect to this offense. The question presented is whether the 15 percent limitation should also be applied to Black's subsequent conviction in 1999 for possession of an illegal substance by a prisoner, which is not a section 667.5 offense. The Department maintains it should, because section 2933.1 has been held to apply "to the offender not to the offense." (Ramos, supra, 50 Cal.App.4th at p. 817, 58 Cal.Rptr.2d 24.) Black contends, and the trial court concluded, that the 15 percent limitation should not apply to a nonviolent felony conviction, where the offender's only violent felony conviction was entered in an earlier separate proceeding.

A. Judicial Construction of Section 2933.1
In Ramos, the defendant was convicted of a number of offenses including second degree robbery, which is a violent felony (see § 667.5, subd. (c)(9)), and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), which is not. He also admitted personally using a firearm in the commission of the robberies (§ 12022.5, subd. (a)). Ramos was sentenced to an aggregate term of 22 years in prison, which included a consecutive term of eight months for possession of a controlled substance. (Ramos, supra, 50 Cal. App.4th at pp. 814, 817, 58 Cal.Rptr.2d 24.) The lower court ruled that the 15 percent pre-sentence conduct credit limitation of section 2933.1, subdivision (c), applied to the entire 22 year sentenceeven though Ramos was charged with, convicted of, and sentenced to an eight-month consecutive sentence for, the nonviolent drug possession offense. (See Ramos, supra, at pp. 814-817, 58 Cal.Rptr.2d 24.)
Ramos appealed, arguing that the 15 percent limitation should not apply to the sentence imposed for possession of a controlled substance, and his conduct credits for that offense should be calculated according to the more liberal provisions of section 4019. (Ramos, supra, 50 Cal. App.4th at p. 817, 58 Cal.Rptr.2d 24.) The Court of Appeal rejected this argument. Referring to the language in section 2933.1, subdivision (c), the court concluded that section 2933.1 applies "`[notwithstanding Section 4019 or any other provision of the law'" and "limits to 15 percent the maximum number of conduct credits available to `any person who is convicted of a felony offense listed in Section 667.5.' That is, by its terms, section 2933.1 applies to the offender not to the offense and so limits a violent felon's conduct credits irrespective *839 of whether or not all his or her offenses come within section 667.5." (Ramos, supra, at p. 817, 58 Cal.Rptr.2d 24.) From language in Ramos, that "section 2933.1 applies to the offender not to the offense" (Ramos, supra, at p. 817, 58 Cal. Rptr.2d 24), the Department claims the 15 percent limitation of section 2933.1, subdivision (a), applies to Black's 1999 conviction of a nonviolent offense, since he is unquestionably a violent felony offender by virtue of the Alameda County conviction.
We find Ramos distinguishable and therefore do not rely on it. There, the 15 percent limitation on pre-sentence conduct credits (§ 2933.1, subd.(c)) was found to apply to the sentence for a nonviolent offense, which was imposed as a consecutive term to the violent felony offense charged in the same case. Ramos did not address the issue before us: whether the 15 percent limitation on post-sentence worktime credits (§ 2933.1, subd.(a)) applies to a concurrent term imposed for a nonviolent offense in a separate case.[4]
The Department points out that Ramos has been followed consistently by other courts. However, the cases it cites all pertained to the section 2933.1, subdivision (c), limit on pre-sentence credits, rather than the section 2933.1, subdivision (a), limit on post-sentence credits. (See People v. Palacios (1997) 56 Cal.App.4th 252, 254-256, 65 Cal.Rptr.2d 318; Aguirre, supra, 56 Cal.App.4th at p. 1141, 66 Cal. Rptr.2d 77; People v. Duran (1998) 67 Cal.App.4th 267, 270, 78 Cal.Rptr.2d 884.) As a general proposition, the scheme for pre-sentence credits is distinct from that of post-sentence credits. (Buckhalter, supra, 26 Cal.4th at p. 31, 108 Cal.Rptr.2d 625, 25 P.3d 1103 ["Once a person begins serving his prison sentence, he is governed by an entirely distinct and exclusive scheme for earning credits to shorten the period of incarceration."].) Because Ramos addressed the language of section 2933.1, subdivision (c), while we consider the entirely different language of section 2933.1, subdivision (a), we agree with the trial court that this decision is not instructive "regarding the application of Penal Code section 2933.1 to a concurrent sentence for a non-violent offense imposed subsequent to that for a violent offense." We therefore turn to statutory construction.

B. STATUTORY CONSTRUCTION
As with any statute, in construing section 2933.1 we must ascertain the legislative intent so as to effectuate its purpose. (People v. Mendoza (2000) 23 Cal.4th 896, 907, 98 Cal.Rptr.2d 431, 4 P.3d 265 (Mendoza); Day v. City of Fontana (2001) 25 Cal.4th 268, 272, 105 Cal.Rptr.2d 457, 19 P.3d 1196.) We give the statutory language its usual and ordinary meaning, construing it in context and considering the statutory framework as a whole. (Mendoza, supra, at pp. 907-908, 98 Cal.Rptr.2d 431, 4 P.3d 265.)

1. Plain Language

As mentioned, ante, the Department argues the plain language of section 2933.1, *840 subdivision (a), is directed to persons, rather than offenses: "Notwithstanding any other law, any person who is convicted of a felony offense listed in Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933." (Italics added.) In other words, if the defendant falls within the ambit of section 2933.1, that "person ... shall accrue no more than 15 percent of worktime credit." Because section 2933.1 refers to the offender, it is argued, the limitation should be interpreted to apply to the entire prison term of a violent felon. By contrast, Black points out that section 2933.1, subdivision (a), applies to "any person who is convicted of a felony offense," not "any person who has been convicted of a felony offense." Thus, he contends, the plain language of section 2933.1, subdivision (a), indicates the limitation does not apply to a person who, like Black, has previously been convicted of a violent felony and whose current and most recent conviction does not constitute such an offense.
We agree with Black, and conclude for several reasons that the phrase "is convicted of refers only to the offender's most recent conviction: that is, the conviction (or convictions, if convicted of more than one charge at the same time) immediately preceding the Department's calculation (or recalculation, in instances such as Black's) of worktime credits.
First, the word "is" in the phrase "is convicted" denotes the present tense. The plain meaning of the statutory language, therefore, is that section 2933.1, subdivision (a), refers to the conviction or convictions that are currently triggering the Department's calculation of worktime credits. Thus, if the Department is calculating the offender's worktime credits because he has just been convicted for a violent felony offense, the Department must apply the 15 percent reduction of section 2933.1 as to the sentence imposed for the violent felony. By contrast, if the Department is calculating the offenders' worktime credits because he has just been convicted of a nonviolent felony only, the 15 percent credit limitation would not apply, even if the offender had previously suffered a violent felony conviction under section 667.5 in a separate action.
Second, if the Legislature had intended the 15 percent credit limitation of section 2933.1, subdivision (a), to apply to offenders based solely on a past violent felony conviction, we would expect the subdivision to read clearly to that effect. The Legislature has, on other occasions, referred to persons who have previously been convicted of a serious felony in precise terms. For instance, section 2933.5in the same statutory scheme as section 2933.1limits credits for persons with prior convictions as follows: "Notwithstanding any other provision of law, every person who is convicted of any felony offense listed in paragraph (2), and who previously has been convicted two or more times, on charges separately brought and tried, and who previously has served two or more separate prior prison terms, ... shall be ineligible to earn credit on his or her term of imprisonment pursuant to this chapter." (§ 2933.5, subd. (a)(1), italics added.) Likewise, if the Legislature had intended section 2933.1, subdivision (a), to apply to persons whose only violent felony conviction had occurred in a prior separate action, we would expect the subdivision to read: "Notwithstanding any other law, any person who is convicted or previously has been convicted of a felony offense listed in section 667.5 shall accrue no more than 15 percent of worktime credit ...."[5]
*841 Third, our Supreme Court has applied this analysis with respect to similar language in another statute. In People v. Woodhead (1987) 43 Cal.3d 1002, 1014, 239 Cal.Rptr. 656, 741 P.2d 154 (Woodhead), the defendant was convicted of second degree burglary and committed to the Youth Authority. The Youth Authority rejected the placement, contending the defendant was ineligible because he had previously been convicted of a serious felony, and under Welfare and Institutions Code section 1732.5 "no person convicted of ... any ... serious felony" shall be committed to the Youth Authority. (Woodhead, supra, at p. 1006, 239 Cal.Rptr. 656, 741 P.2d 154.) Our Supreme Court found the phrase "no person convicted of ambiguous, noting the word "convicted" must be interpreted from its context. (Id. at p. 1008, 239 Cal.Rptr. 656, 741 P.2d 154.) To resolve the ambiguity, the court looked to language from section 667, subdivision (a)(1), which, like Welfare and Institutions Code section 1732.5, had been added by Proposition 8. In section 667, subdivision (a)(1), the Legislature provided that a sentence enhancement applies to "any person convicted of a serious felony who previously has been convicted of a serious felony."[6] (Italics added.) Because the drafters of section 667 chose to describe in distinct terms those persons convicted of a serious felony and those who had previously been convicted of a serious felony, the court concluded the word "convicted" in Welfare and Institutions Code section 1732.5 referred to persons whose current conviction was a serious felony, and not to persons who had previously been convicted of a serious felony. (Woodhead, supra, at pp. 1009-1010, 1014, 239 Cal.Rptr. 656, 741 P.2d 154.) If anything, the language in section 2933.1, subdivision (a), more strongly calls for this interpretation, as it unambiguously reads "is convicted" rather than "convicted."
Fourth, other decisions also suggest that section 2933.1 targets the offender's most recent conviction. For instance, in People v. Thomas (1999) 21 Cal.4th 1122, 90 Cal. Rptr.2d 642, 988 P.2d 563 (Thomas), the defendant had received three 25-to-life sentences by virtue of the three strikes law. (See § 667.5, subd. (c)(7).) The issue was whether his life sentence required that pre-sentence conduct credits be governed by section 4019 or by section 2933.1, subdivision (c), which purports to apply to "any person specified in subdivision (a)" of section 2933.1. Because section 2933.1, subdivision (a), applies to any person convicted of a violent felony offense listed in section 667.5, and that list includes any felony punishable by death or life imprisonment, *842 the Attorney General urged that the defendant's life sentence made him subject to the section 2933.1 credit limitations. Our Supreme Court disagreed, holding that section 2933.1 limits pre-sentence conduct credits only when the current conviction is itself punishable by life imprisonment, not when it is punishable solely due to the defendant's recidivist status. (Thomas, supra, at pp. 1127, 1130, 90 Cal.Rptr.2d 642, 988 P.2d 563; see People v. Henson (1997) 57 Cal.App.4th 1380, 1389, 67 Cal. Rptr.2d 734 ["limit on conduct credits in section 2933.1 should apply only where the current conviction" qualifies as a violent felony, without reference to the three strikes law. (Italics added.)].)
Finally, our reading of section 2933.1, subdivision (a), avoids an unintended consequence that would otherwise arise. (See Mendoza, supra, 23 Cal.4th at pp. 907-908, 98 Cal.Rptr.2d 431, 4 P.3d 265 [presumption that Legislature did not intend absurd consequences].) If the statute were construed to apply to all persons who had previously been convicted of a violent felony, it would seemingly restrict those persons from ever accruing future worktime credits to the extent permitted under section 2933. Regardless of the nature of the future offense, such a person's worktime credits would be limited to 15 percent solely by virtue of that person having suffered a conviction of a violent felony at some earlier time. This result far exceeds the discernable intent of the Legislature. While the plain language of section 2933.1 would indicate the Legislature intended to place a limitation on credits to be earned by those persons convicted and sentenced for violent felony offenses, we find no indication the Legislature intended to similarly limit credits for those persons convicted of a nonviolent offense that was separately charged and proved.
Attempting to meet these points, the Department offers a contrary interpretation of the statutory language, "is convicted." In particular, it contends that Black's violent felony was still a "current" conviction when he committed the drug offense, since he was serving a sentence for the violent felony when he committed, was convicted of, and was sentenced for, the nonviolent drug offense. The Department also places significance in the fact that the sentence for the drug conviction was ordered to be served concurrently with the term Black was serving on the violent felony offense. The Department does not propose that the 15 percent limitation of section 2933.1, subdivision (a), would apply to all offenses for which Black may be sentenced in the future. Rather, it maintains that "the 15 [percent] credit limitation should apply at a minimum to all offenses sentenced consecutively to or concurrently with a qualifying violent felony. Thus, when a person is serving a prison term for a violent felony, and he commits another felony of any type, section 2933.1 limits his custody credits. In contrast, when the person is released from prison and discharged from parole for a violent felony, and he commits a non-violent felony, section 2933.1 would not limit his custody credits." At bottom, the Department maintains that a person "is convicted" of a violent felony for the duration of his sentence, not just at the time judgment and sentence for the violent felony offense is imposed.
The Department's argument is creative, but it does not comport with the plain language of section 2933.1. If the Legislature had intended to limit the work credits of prisoners who were serving sentences for violent felonies, it could have easily crafted section 2933.1 to read in that manner. For example, we would anticipate the statute to read: "Notwithstanding any other law, any person who is convicted of a felony offense listed in Section 667.5, or who is convicted of any offense while serving *843 a sentence for a felony offense listed in section 667.5, shall accrue no more than 15 percent of worktime credit ...."
The Department also suggests its interpretation of section 2933.1 finds support in the language of section 1170.1, subdivision (a).[7] Its position is essentially as follows: subdivision (a) of section 2933.1 applies to worktime credits under section 2933; section 2933 authorizes worktime credits on sentences under section 1170 (the determinate sentencing law); under determinate sentencing, section 1170.1 requires that when two or more felony convictions are involved, they shall be combined for an aggregate term of imprisonment, "whether in the same proceeding or court or in different proceedings or courts." (§ 1170.1, subd. (a); see Cal. Rules of Court, rule 4.452; People v. Bozeman (1984) 152 Cal. App.3d 504, 506-507, 199 Cal.Rptr. 343.) From this, the Department maintains, it does not matter, under the determinate sentencing law, whether the convictions arise in the same or from different (subsequent) proceedings. We point out, however, that section 1170.1 sets out the manner of calculating the aggregate term of imprisonment when consecutive terms are imposed for multiple felony convictions. Here, the sentence Black received for the drug conviction was not consecutive to the term he was already serving following his conviction on the violent felony. By its own terms, section 1170.1 does not apply to Black's circumstances. Nor does it suggest that, as the Department contends, the trial court's decision to impose a concurrent sentence as to the drug conviction should affect the worktime credits Black may obtain. Section 1170.1 does not address the issue before us at allwhether worktime credits for a nonviolent offense must be limited to 15 percent merely because the prisoner had suffered a violent felony conviction in the past.
Lastly, the Department argues: if the credit limitation were applied as the trial court ruled, the 15 percent limitation would be eviscerated, contrary to legislative intent. Again, we must disagree. When Black was convicted of assault with a firearm (§ 245, subd. (a)(2)) and the firearm use enhancement (an offense listed in section 667.5), the 15 percent worktime credit limitation under section 2933.1, subdivision (a), applied to the entire prison term he was required to serve in that case. Applying the credit limitation of section 2933 to his subsequent nonviolent offense of drug possession does not change the term he serves for his violent felony offense. The 15 percent credit limitation of section 2933.1 is obviously not eviscerated.
We therefore hold: while worktime credits are limited to 15 percent for a defendant who "is convicted" and sentenced for a violent felony under section 667.5, this limitation does not apply to the term imposed for a nonviolent offense which has been charged and proven in a separate case. Although there may be persuasive arguments the law should be otherwise, the clear and unambiguous language of section 2933.1, subdivision (a), compels this result.

2. Ambiguity and Legislative History.

The Department requests that we take judicial notice of portions of the legislative *844 history of section 2933.1 to ascertain the statute's meaning. (See generally In re Carr (1998) 65 Cal.App.4th 1525, 1532, 77 Cal.Rptr.2d 500.) Because section 2933.1, subdivision (a), is unambiguous, resort to extrinsic material such as legislative history is unnecessary. (Briggs v. Eden Council for Hope & Opportunity (1999) 19 Cal.4th 1106, 1119-1120, 81 Cal. Rptr.2d 471, 969 P.2d 564.) We deny the Department's request for judicial notice.
The trial court did not err in issuing the writ of habeas corpus and requiring the Department to calculate Black's worktime credits on his drug conviction pursuant to section 2933.[8]

III. DISPOSITION

The order is affirmed.
We concur, JONES, P.J., and GEMELLO, J.
NOTES
[1] Unless otherwise indicated, all further section references are to the Penal Code.
[2] Other credits may be available due to pre-sentence confinement, including one-for-one credit for actual time served in presentence custody (§ 2900.5) and conduct credit based on time served in city or county jails and similar facilities (§ 4019, subd. (a)). Under section 4019, for each six-day period of confinement or commitment, one day is deducted from his period of confinement provided he satisfactorily performed his work assignments, and one additional day is deducted provided he abided by facility rules and regulations. (§ 4019, subds.(b), (c) & (f).)
[3] Further limitations on worktime credits apply to defendants sentenced under the three strikes law. (§§ 667, subd. (c)(5), 1170.12, subd. (a)(5).) In addition, defendants convicted of certain crimes are ineligible to earn section 2933 credits. (See §§ 2933.2 [murder]; 2933.5 [enumerated felony offense after two or more prior convictions and imprisonments for such offenses].)
[4] The two subdivisions contain different language and apply to different circumstances. Section 2933.1, subdivision (a), reads: "Notwithstanding any other law, any person who is convicted of a felony offense listed in Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933." Section 2933.1, subdivision (c), reads: "Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp, following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a)."
[5] Although the parties have not argued the point, we recognize there are statutes in which the phrase "is convicted" refers to offenders who have been convicted of crimes on separate occasions. (See, e.g., §§ 669 ["When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts"], 1170.1, subd. (a) ["when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts"].) Sections 669 and 1170.1, however, are of little relevance to our analysis. In the first place, those two statutes pertain to the manner of constructing a sentence where the offender has suffered convictions for two or more crimes, and do not address the distinct issue of the calculation of credits. Moreover, the language of sections 669 and 1 ] 70.1 expressly indicates that "is convicted" refers to offenders who have been convicted of crimes on different occasions. Section 2933.1, at issue here, has no such language.
[6] Section 667 reads in part: "any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately."
[7] Section 1170.1, subdivision (a), reads in relevant part: "Except as otherwise provided by law, and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1." (Italics added.)
[8] In light of our holding, we need not address Black's request for a remand to the trial court for further consideration of Strickland prejudice. (See Strickland v. Washington (1984) 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.)