Filed 2/27/14  P. v. Rodriguez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057406 |
| v. | (Super.Ct.No. FWV1101970) |
| MARTIN RODRIGUEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Stephan G. Saleson, Judge.  Affirmed with directions.

Patrick E. DuNah, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, and Barry Carlton and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Martin Rodriguez pled guilty to one felony count of petty theft with prior theft-related offenses (Pen. Code, § 666, subd. (a)),[1] and one misdemeanor count of resisting arrest (§ 148, subd. (a)(1)). In addition, he admitted a strike prior. He was sentenced to a term of six years in prison, and ordered to pay $300 for attorney fees, in addition to other fines and assessments. He appealed.

On appeal, defendant argues the attorney fee order must be reversed because he was deprived of a hearing to determine his ability to pay, and there was insufficient evidence to support the amount awarded. We direct the clerk of the court to correct the minutes of the sentencing hearing and the abstract of judgment to delete reference to section 2933.1 respecting the conduct credits, and to modify the sentence for the misdemeanor in count 3 to reflect a term of one year (365 days) in county jail rather than 366 days. In all other respects, the judgment is affirmed.

## BACKGROUND

On July 20, 2011, a customer approached the assistant store manager of the Best Buy store in Montclair and directed the manager's attention to defendant, who was in the area where cell phones and MP3 devices were sold. As the assistant manager approached defendant, she observed him grabbing merchandise, ripping it open, and putting something down his pants.

The assistant manager notified the person in charge of asset protection that she needed assistance, asset protection then contacted the police, and the assistant manager

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

watched the front door.  Brandon Lofton, one of the store supervisors, heard the intercom notification and contacted defendant as he approached the exit.  Lofton asked defendant to come inside the security office.  Two associates joined Lofton in the office.  Defendant was anxious to leave, but Lofton informed him he had to wait until the police arrived.

Inside the office, defendant became aggressive and combative.  Defendant kicked Lofton in the stomach.  Lofton jumped on top of defendant and restrained him on the floor.  Lofton sustained a cut on his thumb, a scratch on his neck, and a bruise on his arm.

After about a minute, Officer Ashlee Westall entered the office to assist.  Defendant kicked and yelled "[f]uck you, bitch" repeatedly at the officer.  The officer asked defendant to relax and stop resisting, but defendant did not cooperate.  The officer pulled out her Taser and informed defendant that if he did not stop resisting, she would use her Taser on him.  Defendant again said, "[f]uck you, bitch," so the officer used the Taser twice, but he still would not comply, continuing to kick and tensing his arms underneath his body.  Fearing defendant might have a weapon, Officer Westall used the Taser a third time.

When backup arrived, Officer Westall was able to get one cuff on defendant's left wrist, while another officer grabbed defendant's right arm.  After they dragged him out of the security office, defendant began kicking his feet, requiring one of the officers to sit on defendant's legs while another officer finally handcuffed defendant.  After defendant was taken into custody, the assistant manager recovered a Walkman, an armband radio, some rechargeable batteries, and some earphones.

3

Defendant was charged with petty theft with multiple prior theft-related convictions (§ 666, subd. (a), count 1, a felony), battery (§ 242, count 2, a misdemeanor), and resisting arrest (§ 148, subd. (a)(1), count 3, a misdemeanor). It was further alleged that defendant had been previously convicted of a serious or violent felony within the meaning of the "Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and had seven prior convictions for which he had served separate prison terms (prison priors) (§ 667.5, subd. (b)).

On August 2, 2012, defendant entered into a plea agreement pursuant to which he agreed to plead guilty to counts 1 and 3, and admit three prior theft convictions, as well as the strike allegation, in return for dismissal of the balance of the information and a stipulated sentence of six years in prison. On August 29, 2012, defendant was sentenced to six years in state prison for count 1 (the upper term of three years, doubled under the Two Strikes law), in conformity with the plea agreement. The court also imposed a concurrent term of one year in county jail for count 3.

The court ordered defendant to pay $300 for attorney fees, $250 for presentence investigation costs pursuant to section 1203.1, subdivision (b), a $70 criminal assessment and court operations assessment, a $240 restitution fine pursuant to section 1202.4, subdivision (b), and stayed a similar restitution fine pursuant to section 1202.45, pending completion of parole.

Defendant appealed.

4

## DISCUSSION

On appeal, defendant challenges only the imposition of attorney fees without a hearing to determine his ability to pay. However, in our review of the record, we noted errors in the clerk's minutes and the abstract of judgment.[2]

*a.* *The Attorney Fee Award*

At the sentencing hearing, the court ordered $300 for the services performed by the public defender. Defendant did not object or request a hearing, although counsel requested a correction to his conduct credits and a reduction of the restitution fines based on his inability to pay. On appeal, defendant argues that the court erred in ordering him to pay attorney fees because he was deprived of notice or a hearing to determine his ability to pay. Alternatively, defendant argues there is insufficient evidence to support the award of $300. We disagree.

Section 987.8, subdivision (b), provides, in relevant part, that in any case in which a defendant is provided legal assistance through the public defender, upon conclusion of the criminal proceedings, the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof. Subdivision (e) of section 987.8 provides that, at the hearing, the defendant shall be entitled to certain rights: (1) The right to be heard in person; (2) the right to present

---

[2] The minutes indicate defendant was sentenced to a concurrent term of 366 days, rather than one year. The minutes and the abstract of judgment also indicate defendant's conduct credits were calculated pursuant to section 2933.1. Because the errors are clerical errors, we have not requested supplemental briefing.

witnesses and other documentary evidence; (3) the right to confront and cross-examine adverse witnesses; (4) the right to have the evidence against him or her disclosed (discovery); and (5) the right to a written statement of the findings of the court.

Defendant points to the procedural safeguards and guidelines in section 987.8 as a basis for his argument that forfeiture principles do not apply to attorney fee awards.[3] We agree with his basic premise, because attorney fee awards have the potential to be quite high, depending on the length and nature of the litigation. The Legislature's inclusion of procedural requirements or guidelines for the ability-to-pay determination has been interpreted as recognition of the financial burden imposed by certain fees or costs. (*People v. McCullough* (2013) 56 Cal.4th 589, 598-599 (*McCullough*).) We also acknowledge that the statute also creates a presumption that a defendant sentenced to prison does not have the ability to reimburse defense costs, in the absence of a finding of unusual circumstances. (§ 987.8, subd. (g)(2)(B); see also *People v. Flores* (2003) 30 Cal.4th 1059, 1068.)

However, the inclusion of procedural safeguards does not compel the conclusion that forfeiture does not apply. Forfeiture principles have been applied to a defendant's failure to challenge the imposition of the cost of preparing the probation report and the imposition of a probation supervision fee, pursuant to section 1203.1. (*People v. Snow* (2013) 219 Cal.App.4th 1148, 1151.) Section 1203.1b, governing orders for probation

---

[3] This issue is currently pending before the California Supreme Court in *People v. Aguilar* (2013) 219 Cal.App.4th 1094, review granted December 12, 2013, S213571.

supervision costs, contains procedural safeguards similar to the protections in section 987.8. At a hearing to determine the defendant's ability to pay for probation costs, the defendant is entitled to have the opportunity to be heard in person, to present witnesses and other documentary evidence, to confront and cross-examine adverse witnesses, and to disclosure of the evidence against the defendant. (§ 1203.1b, subd. (a); *People v. Phillips* (1994) 25 Cal.App.4th 62, 67.) However, a defendant's failure to object to the imposition of the fee results in a forfeiture of the challenge on appeal. (*People v. Snow, supra,* at p. 1151.)

Thus, the legislative provision for procedural safeguards does not necessarily relieve a defendant of the responsibility for preserving challenges for appeal. Had the defendant objected, the court would have been required to hold a hearing on defendant's ability to pay before ordering defendant to pay for legal services. However, defendant's failure to raise the issue in the trial court forfeits his challenge on appeal. (*People v. McDowell* (2012) 54 Cal.4th 395, 421 [the defendant's claim that his constitutional rights were violated by lack of notice of aggravating circumstances in a death penalty case was forfeited by failure to raise them in the trial court].)

"'[A]s a general rule, "the failure to object to errors committed at trial relieves the reviewing court of the obligation to consider those errors on appeal."'" (*People v. McKinnon* (2011) 52 Cal.4th 610, 638.) "'This applies to claims based on statutory violations, as well as claims based on violations of fundamental constitutional rights.'" (*Ibid.*) A constitutional right such as due process, like rights of any other sort, may be

forfeited in criminal as well as civil cases by the failure to make a timely assertion of the right before a tribunal having jurisdiction to determine it. (*In re Sheena K.* (2007) 40 Cal.4th 875, 880-881; see also *Yakus v. United States* (1944) 321 U.S. 414, 444 [88 L.Ed. 834, 64 S.Ct. 660]; *People v. Barnum* (2003) 29 Cal.4th 1210, 1224.)

It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided. (*McCullough, supra,* 56 Cal.4th at p. 593.) Under this reasoning, it has been held that a defendant may not contest a trial court's failure to determine his ability to pay a jail booking fee absent objection in the trial court. (*Id.* at pp. 591, 599.) In this case, the court acted on defendant's requests relating to the calculation of his conduct credits and the amount of restitution fines it intended to impose. There is no reason to believe the court would not have considered defendant's inability to pay attorney fees if the issue had been timely raised.

Defendant maintains his failure to object should be excused because he was not notified of the amount to be imposed or given an opportunity for a hearing. While the court did not remind defendant of his right to an ability-to-pay hearing at sentencing, he did have notice of the right. He was apprised of the possibility of an attorney fee order at his video arraignment in a written explication of his rights, including the right to counsel and the potential obligation to pay the cost of the attorney. Defendant was readvised of the possible attorney fee responsibility in the written waiver of rights submitted at the

8

time of his guilty plea. Item No. 5 of the *Tahl* form,[4] which defendant initialed, acknowledged his right to counsel, but went on to say: "However, a judge may later direct me to pay such part of the cost of the attorney as the judge determines that I am able to pay." Defendant was informed of his right to a hearing on his ability to pay.

In *McCullough, supra,* 56 Cal.4th 589, the Supreme Court reviewed a booking fee of $270.17. The court had imposed the fee without conducting an ability-to-pay hearing, although the statute in question, Government Code section 29550.2, authorizes imposition of the fee if the person has the ability to pay. Because the fee amount was de minimis, the Supreme Court applied the forfeiture rule. (*McCullough, supra,* at p. 599.) "[A] defendant who does nothing to put at issue the propriety of imposition of a booking fee forfeits the right to challenge the sufficiency of the evidence to support imposition of the booking fee on appeal, in the same way that a defendant who goes to trial forfeits his challenge to the propriety of venue by not timely challenging it." (*Id.* at p. 598.) The de minimis nature of the booking fee provides a strong rationale for forfeiture. (*Id.* at p. 599.) The fee imposed in the present case was also de minimis.

Even before the Supreme Court considered *McCullough*, forfeiture principles had been invoked on review of mandatory drug program fees imposed pursuant to Health and Safety Code section 11372.7, subdivision (a). That section authorizes a mandatory drug program fee in an amount not to exceed $150 for each separate offense, although the

---

[4] Referring to *In re Tahl* (1969) 1 Cal.3d 122, 130.

9

statute requires the trial court to determine if the defendant has the ability to pay the fee. (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1516.)

Like probation costs and attorney fees, drug program fees have the potential for being more than de minimis, depending on the number of counts of conviction and other assessments or surcharges. (See *People v. Corrales* (2013) 213 Cal.App.4th 696, 702 [$150 drug program fee was subject to a $150 state penalty, $45 court construction penalty, $15 DNA penalty, and $30 emergency medical services penalty, raising total fee to $540].) Nevertheless, the failure to object to the drug program fee forfeits the claim. (*People v. Sharret* (2011) 191 Cal.App.4th 859, 864 [because prosecutor failed to object when trial court imposed only one mandatory drug program fee, claim forfeited on appeal].)

Defendant also claims there is insufficient evidence to support the order. Parties are generally permitted to challenge the sufficiency of the evidence to support a judgment for the first time on appeal because they "necessarily objected" to the sufficiency of the evidence by "contesting [it] at trial." (*McCullough, supra,* 56 Cal.4th at p. 596, citing *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468-1469 [reasoning that a challenge to the sufficiency of evidence to support a restitution fine to which the defendant did not object is not akin to a challenge to the sufficiency of the evidence to support a conviction to which the defendant necessarily objected by entering a plea of not guilty and contesting the issue at trial].) Where the defendant did not contest the fee at the trial

level, there is no basis on which to find that he "necessarily objected" to the sufficiency of the evidence.

Nor does the issue raise a pure question of law that we might review for the first time on appeal. A court's imposition of an attorney fee order based on the ability to pay is confined to factual determinations, like the booking fee imposed in *McCullough*. (*McCullough, supra,* 56 Cal.4th at p. 597.) A defendant's ability to pay a fee does not present a question of law and a defendant may not transform a factual claim into a legal one by asserting the record's deficiency as a legal error. (*Ibid.*, citing *People v. Forshay* (1995) 39 Cal.App.4th 686, 689-690.)

By failing to object on the basis of his ability to pay, defendant forfeits both his claim of factual error and the dependent claim challenging the adequacy of the record on that point. (*McCullough, supra,* 56 Cal.4th at p. 597, citing *People v. Forshay, supra,* 39 Cal.App.4th at pp. 689-690 and *People v. Martinez, supra,* 65 Cal.App.4th at p. 1517 [the defendant forfeited challenge to mandatory drug program fee]; see also *People v. Snow, supra,* 219 Cal.App.4th at p. 1151 [the defendant forfeited challenge to $736 for cost of probation report, as well as the $164 per month for 60 months' probation supervision fee].)

The attorney fee award in the present case was $300, a de minimis amount, comparable to the booking fee in *McCullough*, and much less than the probation-related fees in *Snow*, where forfeiture principles were applied. As such, the reasoning of *McCullough*, requiring an objection to preserve the issue for appeal, is properly applied

11

to the assessment of legal fees at issue here. As a matter of fairness to the trial court, a defendant should not be permitted to assert for the first time on appeal a procedural defect in the trial court's alleged failure to consider the defendant's ability to pay the fine. (*People v. Gibson, supra,* 27 Cal.App.4th at p. 1468, citing *People v. Saunders* (1993) 5 Cal.4th 580, 590.) The claim has been forfeited.

b. *Errors in the Sentencing Minutes and Abstract of Judgment*

In the minutes of the sentencing hearing, the clerk noted that defendant was ordered to serve a concurrent sentence of 366 days in county jail on count 3. The minutes and the abstract of judgment also note that defendant's conduct credits were governed by section 2933.1. When an abstract of judgment does not reflect the actual sentence imposed in the trial judge's verbal pronouncement, the reviewing court has inherent power to correct such clerical error on appeal, whether on our own motion or upon application of the parties. (*People v. Jones* (2012) 54 Cal.4th 1, 89; *People v. Myles* (2012) 53 Cal.4th 1181, 1222, fn. 14.)

On our own motion, we address these errors.

1. *Clerical Error in Sentence on the Misdemeanor, Count 3*

The sentencing court imposed a term of one year in county jail for count 3. Three hundred and sixty-six days exceeds one year. The minutes of the sentencing hearing and the abstract of judgment must be amended to reflect the verbal pronouncement of sentence.

12

## 2.  *Designation of Conduct Credits*

At sentencing, defense counsel asked the court to award 202 days of conduct credits, because defendant was entitled to one-third credit for presentence time in custody, although he would have to serve 80 percent of his sentence in state prison.  The court orally awarded 202 days of conduct credit, without indicating the statutory authority governing the credits.  In both the minutes of the hearing, and again in the abstract of judgment, the clerk noted that conduct credits were calculated pursuant to section 2933.1.  This was a clerical error which we may correct on our own motion.

Section 2933.1 reduces the conduct credits for a person currently convicted of a violent felony, as listed in section 667.5, subdivision (c) to 15 percent.  (§ 2933.1, subd. (a).)  If the current conviction qualifies as a violent felony, even the presentence conduct credit is reduced to 15 percent.  (§ 2933.1, subd. (c).)  However, where section 667.5, subdivision (c), does not include the crime of which the defendant has been convicted, the conviction does not qualify as a violent felony, and the 15 percent credit limitation of section 2933.1 does not apply.  (*People v. Hawkins* (2003) 108 Cal.App.4th 527, 531-532; *In re Mitchell* (2000) 81 Cal.App.4th 653, 656-657.)

Defendant's presentence credits are governed by section 4019.  The minutes of the sentencing hearing and the abstract of judgment must be corrected to reflect this fact.

### DISPOSITION

The superior court clerk is directed to amend the minutes of the sentencing hearing, as well as the abstract of judgment, to reflect that defendant was sentenced to

13

one year in county jail for count 3, and that his presentence conduct credits were calculated pursuant to section 4019. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

RICHLI
J.

KING
J.