Filed 5/22/13  P. v. McNeese CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C070626 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR77893) |
| v. | |
| ROBERT MARTIN MCNEESE II, | |
| Defendant and Appellant. | |

This is an appeal after remand for resentencing.  In *People v. McNeese* (Oct. 17, 2011, C065352) [nonpub. opn.] (*McNeese I*), this court reversed and remanded, concluding that the trial court had failed to exercise its discretion and determine whether to return defendant to Proposition 36 probation for a non-drug-related probation violation.  On remand, the trial court exercised its discretion and sentenced defendant to state prison.

Defendant appeals, contending the trial court abused its discretion in sentencing him to prison instead of returning him to Proposition 36 probation. We reject this contention. Defendant also contends that he is entitled to additional presentence custody credit. We agree with this contention and will order the judgment modified accordingly.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2009, a deputy sheriff stopped a pickup truck for lack of a current registration sticker. The deputy observed the driver, defendant Robert Martin McNeese II, bend over as if he was hiding something under the seat. With defendant's consent, the deputy searched defendant and the truck and found 0.8 grams of methamphetamine in defendant's pocket and two glass smoking pipes in the truck cab. Defendant claimed the methamphetamine was for his personal use and that he had been "clean" for seven weeks until the previous night.

Defendant entered a plea of guilty to transportation of methamphetamine and admitted a strike prior. The court granted Proposition 36 probation. Defendant violated probation by failing to appear at a scheduling appointment with the community service officer. Defendant admitted to the probation officer that it was his fault that he forgot "after he lost the paperwork with the date of the appointment on it." At sentencing, defense counsel stated that the appointment had "slipped [defendant's] mind and he just didn't get it done." Further, defense counsel noted that defendant had developed pneumonia and was being treated by a doctor. In *McNeese I*, this court concluded that the violation was a non-drug-related violation of probation but the trial court, in sentencing defendant to state prison for six years, erroneously determined that defendant was no longer eligible for Proposition 36 probation. In reversing and remanding, this court concluded that the trial court had discretion to reinstate defendant on Proposition 36 probation but expressed no opinion on whether the trial court should do so.

A different judge presided over sentencing on remand. The trial court stated that it had read the prior sentencing transcript, *McNeese I,* the original and supplemental probation reports, and defendant's letters of support. The probation report reflected that, in addition to defendant's felony conviction for lewd conduct with a child under the age of 14 years in 1992, defendant was convicted of the following misdemeanors: welfare fraud in 1988, for which he was granted three years' probation; domestic violence in 2001; disturbing the peace in 2003, for which he was granted two years' probation; battery in 2003; petty theft in 2005, for which he was granted 18 months' probation; and exhibiting a deadly weapon in 2006. He violated parole in 1997. Defendant submitted two letters of reference attesting to his honesty and hard work. The court acknowledged that it had discretion to reinstate defendant on Proposition 36 probation even for a non-drug-related violation of probation. Defense counsel argued that just as defendant had been excused from the drug treatment program based on his doctor's excuse, so should he have been excused from community service. The court found that defendant, having previously been on probation, understood the terms and conditions of Proposition 36 probation but failed to appear for his appointment to schedule community service simply because he forgot. The court also stated that it had considered defendant's failure to appear for the appointment in light of the probation reports. The court resentenced defendant to six years in state prison, citing defendant's strike prior.

## I. Denial of Grant of Proposition 36 Probation

Defendant contends the trial court abused its discretion in denying a grant of continued Proposition 36 probation. Defendant argues the trial court did so based solely upon defendant's understanding of the requirements of probation supervision. Defendant asserts his probation violation (failure to sign up for community service) was a trivial, nonwillful mistake and that probation should have reminded him of the requirement. During his prior appeal while in prison, he claims he recovered from the effects of

3

methamphetamine use and could now abide by the terms of probation. Defendant argues, "The intent behind the provisions of Proposition 36 to favor treatment over incarceration should have informed the court's discretion, but it did not." Defendant renews his argument that he should have been excused from community service based on his doctor's note which excused defendant from the drug treatment program. We conclude that the trial court did not abuse its discretion in denying continued Proposition 36 probation and sentencing defendant to state prison.

As stated in *McNeese I,* "a defendant may be excluded from the provisions of Proposition 36, and face incarceration as a condition of probation, if his or her probation violation was not drug related. [Citation.] '[A] defendant who has violated a non-drug-related condition of probation loses the "grace" granted to probationers otherwise subject to Proposition 36. [Citation.] At that point, the defendant stands in the same shoes as any other probationer and he is subject to whatever sentencing statutes bear on his sentencing.' [Citation.] The court then has the full range of options otherwise available in a probation revocation proceeding, including imposing a term of incarceration as a new condition of probation or lifting the stay on a previously imposed term of incarceration." (Quoting *People v. Dagostino* (2004) 117 Cal.App.4th 974, 988.)

We will not reverse a trial court's order denying probation absent a showing that the trial court's decision was irrational or arbitrary. (*People v. Ferguson* (2011) 194 Cal.App.4th 1070, 1091; *People v. Sizemore* (2009) 175 Cal.App.4th 864, 879.)

Defendant argues that the trial court based its decision to deny probation solely upon defendant's understanding of the requirements of probation supervision. The trial court stated that it considered defendant's failure to appear at the scheduling appointment in light of the probation report, which reflected, in addition to his strike prior, numerous misdemeanor convictions and several grants of probation. The trial court correctly concluded that in light of the report, defendant was no stranger to probation, needing no

4

reminders of the requirements. By failing to appear at the scheduling appointment and admitting he lost the paperwork and forgot, the trial court could properly conclude that defendant was not taking his probation obligations seriously. Although defense counsel raised the doctor's note at the sentencing hearing when defendant was first sentenced to state prison and again on remand, defendant did not raise an illness excuse when he admitted the probation violation. And defendant admitted to the probation officer that he forgot after he lost the paperwork showing the date. Defendant has failed to demonstrate that the trial court abused its discretion.

## II. Presentence Custody Credits

Prior to the original sentencing in this matter, defendant was in custody (county jail) on October 17, 2009, and from November 9, 2009, to December 14, 2009, or 37 actual days. Based on defendant's sex offender registration requirement, the trial court awarded 15 percent conduct credit, or five days, as recommended by the probation officer and as agreed to by the prosecutor and defense counsel, for a total of 42 days of presentence credit. Defendant contends that he is entitled to additional presentence custody credit. We agree.

The version of Penal Code section 4019 effective January 2010, which increased conduct credit for most defendants but limited conduct credit for others including a defendant required to register as a sex offender, is not retroactive.[1] (*People v. Brown* (2012) 54 Cal.4th 314, 318 [former § 4019, eff. Jan. 25, 2010, not retroactive].) Section 2933.1 limits presentence conduct credit to 15 percent for certain *current* felony convictions. (§§ 2933.1, subds. (a), (c), 667, subd. (c); *In re Mitchell* (2000) 81 Cal.App.4th 653, 656.) Defendant's current felony conviction for transportation of methamphetamine does not limit his conduct credits to 15 percent. When defendant was

---

[1] Undesignated statutory references are to the Penal Code.

in custody in 2009, he was entitled to conduct credit based on the previous version of section 4019, which calculated conduct credit as two days for every four days of custody. (Stats. 1982, ch. 1234, § 7, pp. 4553-4554; *People v. Smith* (1989) 211 Cal.App.3d 523, 527.)  Here, defendant is entitled to 18 conduct days for a total of 55 days of presentence custody credit.

Although conceding that defendant is entitled to additional conduct credit, the People argue that defendant is required to raise this issue in the trial court, not in this court for the first time, citing section 1237.1.  Section 1237.1 generally prohibits an appeal challenging the calculation of presentence custody credits unless the defendant has first filed a motion in the trial court.  This rule does not apply here because defendant has raised another issue on appeal.  (*People v. Acosta* (1996) 48 Cal.App.4th 411, 427, 428, fn. 8.)  We will order the judgment modified to award the proper credit.

## DISPOSITION

The judgment is modified to award defendant 18 conduct days in addition to the 37 actual days, for a total of 55 days of presentence custody credit.  The trial court is directed to prepare an amended abstract of judgment accordingly, as well as to indicate defendant's days of custody in state prison in the appropriate box (item 12—"Time Served in State Institution"), and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.


　　　　　　　　　　　　　　　　　　　　BUTZ　　　　　　　　, J.

We concur:


　　　　　　HULL　　　　　　　, Acting P. J.


　　　　　　HOCH　　　　　, J.

6