1 Cal.Rptr.3d 219 (2003)
109 Cal.App.4th 1513
The PEOPLE, Plaintiff and Respondent,
v.
Damon Mark MARICHALAR, Defendant and Appellant.
No. C042068.
Court of Appeal, Third District.
June 26, 2003.
Review Granted September 17, 2003.
*220 Phillip I. Bronson, under appointment by the Court of Appeal, Encino, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Senior Assistant Attorney General, Stan Cross, Supervising Deputy Attorney General, Susan J. Orton, Deputy Attorney General, for Plaintiff and Respondent.
ROBIE, J.
Defendant Damon Mark Marichalar appeals from judgments imposed in three separate cases. In the first case, in October 2001, he pled no contest to possession of methamphetamine for sale and received probation, which was revoked later (case No. CM015954). As conditions of probation, he was ordered to serve 180 days of incarceration and pay a $200 restitution fine.
In the second case, in March 2002, defendant pled guilty to possession of methamphetamine for sale and admitted a narcotics prior conviction (case No. CM016749).
In the third case, also in March 2002, defendant pled guilty to kidnapping (case No. CM016857).
Defendant was sentenced to state prison for 12 years 4 months, consisting of eight years for the kidnapping (Pen.Code,[1] § 207), three years for the prior conviction (Health & Saf.Code, § 11370.2, subd. (c)), and eight months each for the possessions of methamphetamine for sale (Health & Saf.Code, § 11378). He was awarded 314 *221 days of custody credit arising from two separate incarcerations on the 2001 and 2002 offenses. He was awarded 47 days of conduct credit pursuant to the 15 percent limitation for violent felonies. (§§ 667.5, subd. (c)(14), 2933.1, subd. (b).) He was ordered to pay a $500 restitution fine and a $500 parole revocation fine in each case.
On appeal, defendant contends: (1) he is entitled to additional conduct credit because the 15 percent limitation does not apply to the 2001 case, which is not a violent felony; and (2) the $500 fines in the 2001 case must be reduced to $200; the People concede this point.[2] We shall modify the judgment.

FACTS
The facts of defendant's offenses are not at issue and need not be set forth. Relevant procedural facts will be set forth in succeeding parts of this opinion.

DISCUSSION

I
Defendant contends the trial court erred by "awarding the presentence custody credits in a lump sum rather than parceling them out to the relevant case to which they belong." Had the court done the latter, it would have applied the 15 percent limitation only to the 188 days[3] he spent in custody on the 2002 kidnapping offense, and not to the 119 days[4] he spent in custody on the 2001 methamphetamine offense. We are not persuaded.[5]
Section 2933.1, subdivision (c) does not specifically address the issue raised here: whether the 15 percent limitation on presentence conduct credit applies to a consecutive sentence imposed for a nonviolent felony, charged and proven in a separate case, when the presentence custody upon which this credit is based occurred before the commission of the current violent felony. As we shall explain, we believe that section 2933.1, subdivision (c) limits presentence conduct credits for nonviolent crimes whenever the defendant has suffered a current conviction for a violent felony and the sentences for the two offenses are run consecutively, without regard to the timing of each conviction. Even if, as here, the offenses were charged and proved in separate cases and the conviction for the nonviolent crime predated the current conviction for the violent offense, the statutory limitation on conduct credits governs.
*222 The language of section 2933.1, subdivision (c) evidences intent to limit the presentence credits that can be received by "specified felons."[6] (People v. Cooper (2002) 27 Cal.4th 38, 43, 115 Cal.Rptr.2d 219, 37 P.3d 403; People v. Buckhalter (2001) 26 Cal.4th 20, 37, fn. 7, 108 Cal. Rptr .2d 625, 25 P.3d 1103; People v. Aguirre (1997) 56 Cal.App.4th 1135, 1138-1141, 66 Cal.Rptr.2d 77.) As the court noted in People v. Ramos (1996) 50 Cal. App.4th 810, 817, 58 Cal.Rptr.2d 24 (Ramos), section 2933.1 applies "to the offender not to the offense." In Ramos, the defendant was convicted of numerous offenses including robbery, a violent offense under section 667.5 and possession of a controlled substance which is not. He was sentenced to 22 years in prison, including a consecutive eight-month term for the drug offense, and the trial court applied the 15 percent limitation to the entire 22-year sentence. (Ramos, supra, at pp. 814-817, 58 Cal.Rptr.2d 24.) The Court of Appeal rejected the defendant's contention that his credits for the consecutive sentence on the drug possession count should be calculated under section 4019, not section 2933.1, because it was not a violent felony under section 667.5. Focusing on the language of section 2933.1, subdivision (c), the court concluded that section 2933.1 applies "`[notwithstanding Section 4019 or any other provision of the law'" and "limits to 15 percent the maximum number of conduct credits available to `any person who is convicted of a felony offense listed in Section 667.5.' That is, by its terms, section 2933.1 applies to the offender not to the offense and so limits a violent felon's conduct credits irrespective of whether or not all his or her offenses come within section 667.5." (Ramos, supra, at p. 817, 58 Cal. Rptr .2d 24.) Ramos noted that the Legislature could have limited the 15 percent rule to a defendant's violent felonies if that had been their intention. (Ibid.) We agree with both the reasoning and conclusion of Ramos.
In Ramos, the defendant was convicted of violent and nonviolent felonies in the same proceeding. Though in our case the violent and nonviolent felony convictions were not brought and tried in the same proceeding, we do not believe this requires a different result. Under the determinate sentencing law, the rules governing the imposition of a consecutive sentence explicitly reject such a distinction. "[W]hen a defendant is sentenced consecutively for multiple convictions, whether in the same proceeding or in different proceedings, the judgment or aggregate determinate term is to be viewed as interlocking pieces consisting of a principal term and one or more subordinate terms. (§ 1170.1, subd. (a).)" (People v. Begnaud (1991) 235 Cal.App.3d 1548, 1552, 1 Cal.Rptr.2d 507.) In fact, California Rules of Court, rule 4.452 states: "If a determinate sentence is imposed pursuant to section 1170.1(a) consecutive to one or more determinate sentences imposed previously ...:[¶] (1) The sentences on all determinately sentenced counts ... shall be combined as though they were all counts in the current case." (Italics added.)
*223 Further, when a defendant is sentenced consecutively for multiple convictions occurring in different proceedings, the court designates the longest term as the principal term, and any other consecutive term is considered a subordinate term, for which the sentence can be no more than one-third the midterm for the offense. (People v. Begnaud, supra, 235 Cal.App.3d at p. 1552, 1 Cal.Rptr.2d 507; § 1170.1, subd. (a).)
The same approach should govern here. Even if a subordinate term is imposed for a nonviolent felony conviction occurring before the current offense, if the current offense triggers the credit limitations of section 2933.1, those limitations apply to every offense in the aggregate term. No injustice results from this. Had defendant's probation in the 2001 case been revoked for noncriminal misconduct, defendant could have received a sentence in the 2001 case of three years, reduced by 119 conduct credits. Here, however, the determinate sentence law limited both the length of his term and the number of conduct credits he received. The length of the subordinate term, however, was lowered far more (from three years to eight months) than the 41-day reduction in credits.
Section 2933.1 was enacted "`[i]n order to protect the public from dangerous repeat offenders who otherwise would be released....'" (Ramos, supra, 50 Cal. App.4th at p. 817, 58 Cal.Rptr.2d 24, quoting Stats.1994, ch. 713, § 2.) That a defendant, currently convicted of a violent felony, was not a violent felon at the time he served his or her presentence custody on the nonviolent offense is irrelevant. It is the current violent felony conviction that triggers application of the 15 percent limitation of section 2933.1, subdivision (c), and the aggregate sentencing on his violent and nonviolent felonies permits the 15 percent limitation to apply to both offenses.

II
Defendant contends, and the People concede, the $500 restitution fine (§ 1202.4) and $500 parole revocation fine (§ 1202.45) in the 2001 case (case No. CM015954) must be modified to $200. We accept the People's concession.
When it placed defendant on probation, the trial court imposed a $200 restitution fine. That fine remained in force after his probation was revoked. (People v. Chambers (1998) 65 Cal.App.4th 819, 823, 76 Cal.Rptr.2d 732.) Moreover, the parole revocation fine must be "the same amount as" the restitution fine. (§ 1202.45.) Thus, both fines must be modified to $200.

DISPOSITION
In case No. CM015954, the restitution fine and the parole revocation fine are each modified to $200. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections.
We concur: SCOTLAND, P.J., and DAVIS, J.
NOTES
[1] All further statutory references are to the Penal Code unless otherwise indicated.
[2] Defendant states in a footnote of his opening brief that he raised both claims of error by letter to the trial court. A hearing was set for January 8, 2003, and both claims were denied. Overlooking defendant's footnote, the People claim that he is raising his conduct credit argument "here for the first time." We disagree.
[3] Defendant was in custody on the 2002 offenses from February 1, 2002, through sentencing on August 7, 2002, a period of 188 days.
[4] Defendant was in custody on the 2001 offense from August 29, 2001, until December 25, 2001, a period of 119 days. As the People point out, defendant's opening brief understates the period of custody as 109 days.

The 188 days of custody credit on the 2002 offenses plus the 119 days of custody credit on the 2001 offenses total 307 days, not the 314 days awarded by the trial court. The People note this error but do not seek correction of the custody credit award.
[5] This issue is pending before our Supreme Court in People v. Baker (2002) 104 Cal. App.4th 774, 128 Cal.Rptr.2d 581, review granted February 25, 2003, No. S112982. The issue or a related issue is pending in In re Reeves (2002) 102 Cal.App.4th 232, 125 Cal. Rptr.2d 319, review granted September 19, 2002, No. S110887 and In re Black (2002) 101 Cal.App.4th 1026, 124 Cal.Rptr.2d 835, review granted September 5, 2002, No. S110683.
[6] Section 2933.1 provides in relevant part: "(a) Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933. [¶] ... [¶] (c) Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp, following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a)."