Filed 10/3/13  P. v. Castaneda CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MIGUEL CHRISTOPHER CASTANEDA,<br><br>    Defendant and Appellant. | D062947<br><br><br><br>(Super. Ct. No. SCD229621) |


APPEAL from a judgment of the Superior Court of San Diego County, Frederick Maguire, Judge.  Affirmed as modified and remanded with directions.


Richard Power for Defendant and Appellant, under appointment by the Court of Appeal.

Kamala D. Harris, Attorney General, Dane R. Gillette, Julie L. Garland, Assistant Attorneys General, Alana Cohen Butler, James D. Dutton, Deputy Attorneys General.

In October 2012, the court revoked Miguel Christopher Castaneda's probation, sentenced him to 12 years in prison and imposed fines of $2,400 each for restitution (§ 1202.4, subd. (b)) and probation revocation (§ 1202.44), in addition to fines of $200 each for those purposes previously imposed in June 2011.

Castaneda contends the trial court abused its discretion in revoking his probation. He also contends the court improperly imposed the additional $2,400 fines. The People concede the trial court erred in imposing those fines, and we agree. We modify the judgment to strike those fines, and otherwise affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2010, the People charged Castaneda with assaulting Jose Galeanna with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1); count 1) dissuading a witness by force or threat (§ 136.1 subd. (c)(1); count 2) and making a criminal threat (§ 422; count 3). As to count one, it was alleged Castaneda personally used a deadly weapon (§ 1192.7, subd. (c)(23)) and personally inflicted great bodily injury upon someone who was not an accomplice to the offense (§ 12022.7, subd. (a)). A gang enhancement was alleged as to each count. (§ 186.22.)

Jose Galeanna testified at the preliminary hearing that in March 2010, Castaneda took a homeless man's fishing pole and hit the man with it. Galeanna criticized Castaneda for that. Castaneda left and returned shortly afterwards with two friends. Castaneda hit Galeanna in the face with a pipe, rendering him unconscious. Galeanna

---

[1]     All statutory references are to the Penal Code unless otherwise stated.

required surgery for his broken cheek and jaw and chipped teeth, and at trial he still experienced pain from his injuries.

In May 2011, Castaneda pleaded guilty to count 1 and admitted the great bodily injury and gang enhancements. The trial court dismissed the rest of the allegations. (*People v. Harvey* (1979) 25 Cal.3d 754.)

In June 2011, Castaneda was placed on probation on condition he serve 365 days in jail. He also was required to get treatment and therapy as suggested by validated tests, and stop using alcohol and drugs.

In February 2012, Castaneda admitted a probation violation; therefore, his probation was revoked. In March 2012 his probation was reinstated.

In July 2012, Castaneda denied allegations that he violated his probation by committing assault.

At an October 10, 2012 evidentiary hearing, Castaneda's probation officer testified regarding her dealings with Castaneda after his May 14, 2012 release from custody. She reviewed his probation conditions with him. Castaneda underwent a urinalysis, which returned positive results for methamphetamine. The probation officer directed him to enroll into a long-term residential treatment program. He did so for one day then abandoned the program. The probation officer attempted to contact Castaneda by phone and mail to discuss his test results, but received no response. Police informed the probation officer of Castaneda's June 3, 2012 arrest for being under the influence of a controlled substance. (Health and Saf. Code, § 11550.) Castaneda never complied with

his probation conditions requiring him to, among other things, inform the probation officer of his arrest and register as a gang member.

Castaneda conceded at the hearing that he had violated his probation, but explained he had experienced a rough time after he had lost his house and his mother died. He stated he had since obtained $50 to pay the intake fee at a residential treatment facility, which he was willing to enter if the court reinstated his probation.

DISCUSSION

I.

Castaneda contends the court abused its discretion by revoking his probation instead of placing him in a residential treatment program.

In reviewing an order revoking probation, we give great deference to the trial court's decision, bearing in mind that "[p]robation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court." (*People v. Pinon* (1973) 35 Cal.App.3d 120, 123.) "It has long been recognized that the Legislature . . . intended to give trial courts very broad discretion in determining whether a probationer has violated probation." (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443.) "Such discretion 'implies that in the absence of positive law or fixed rule the judge is to decide a question by his [or her] view of expediency or of the demand of equity and justice.' " (*Id.* at p. 445.)

But trial court discretion is not unlimited. " ' " 'The discretion of a trial judge is not a whimsical, uncontrolled power, but a legal discretion, which is subject to the limitations of legal principles governing the subject of its action, and to reversal on

4

appeal where no reasonable basis for the action is shown.' " ' " (*People v. Jacobs* (2007) 156 Cal.App.4th 728, 737.)  Abuse of discretion has both a factual component and a legal component.  (*Ibid*.)  While the court's discretion is very broad, its determination must be based on the facts before it.  (*People v. Zaring* (1992) 8 Cal.App.4th 362, 378.)

Here, we conclude Castaneda has not made a showing the court abused its discretion in declining to reinstate him on probation.  It was not irrational for the court to withdraw its grant of clemency in light of Castaneda's repeated failure to comply with several probation requirements.  On this record, the court reasonably found Castaneda's latest pledge to comply with the probation terms unavailing.

## II.

The People concede, and we agree, the trial court erroneously imposed additional restitution and parole revocation fines under sections 1202.4, subdivision (b), and 1202.44.  After Castaneda's probation was revoked, the original fines remained in effect. (*People v. Marichalar* (2003) 144 Cal.App.4th 1331, 1337.)  Accordingly, we strike the additional $2,400 fines imposed in October 2012; the $200 fines imposed for those purposes on June 8, 2011, remain in effect.

DISPOSITION

We strike the restitution and parole revocation fines for $2,400 each imposed under Penal Code sections 1202.4, subdivision (b), and 1202.44, and therefore the original fines of $200 each remain in effect.  As so modified, the judgment is affirmed. The matter is remanded and the trial court directed to amend the abstract of judgment accordingly, and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.