Filed 12/13/13  P. v. Ortiz CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JULIO ORTIZ,<br><br>    Defendant and Appellant. | F065764<br><br>(Super. Ct. Nos. F11906319, F10902492, F11906340 & F11906778)<br><br>**O P I N I O N** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  D. Tyler Tharpe, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Levy, Acting P.J., Cornell, J., and Peña, J.

In case Nos. F10902492, F11906319, F11906340, and F11906778 appellant, Julio Ortiz, pled guilty to various charges, admitted two enhancements and was sentenced to an aggregate eight-year prison term. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we discovered that the trial court erred in its award of presentence custody credit and by its failure to order restitution to the victim of Ortiz's assault offense. We will correct these errors, modify the judgment accordingly, and affirm the judgment as modified.

## FACTUAL AND PROCEDURAL HISTORY

On June 2, 2010, the district attorney filed a complaint in case No. F10902492 charging Ortiz with possession of heroin (count 1/Health & Saf. Code, § 11350, subd. (a)) and possession of a hypodermic needle (count 2/Bus. & Prof. Code, § 4140).

On May 20, 2011, Ortiz pled guilty to possession of heroin and was placed on Proposition 36 probation for two years.

On October 31, 2011, K.L. was on his front porch smoking a cigarette when Ortiz approached K.L., demanded cigarettes and money, and threatened to kill him if he did not comply. When K.L. stated he did not have any cigarettes or money, Ortiz attempted to enter K.L.'s house. Ortiz stabbed K.L. with a knife in the lower chest when K.L. attempted to stop him (case No. F11906319). Ortiz was arrested a short time later.

On November 2, 2011, while in custody at the Fresno County Jail, Ortiz was being escorted by Correctional Officer Mejia, when he spit on Mejia's neck and right shoulder (case No. F11906340).

Also on November 2, 2011, the district attorney filed a complaint in case No. F11906319 charging Ortiz with assault with a deadly weapon (count 1/Pen. Code, § 245, subd. (a)(1)),[1] attempted second degree robbery (count 2/§§ 664 & 211), and making

---

[1]     All further statutory references are to the Penal Code.

2

criminal threats (count 3/§ 422). The complaint also alleged a great bodily injury enhancement (§ 12022.7, subd. (a)) in count 1 and a prior prison term enhancement (§ 667.5, subd. (b)).

On November 4, 2011, the district attorney filed a complaint in case No. F11906340 charging Ortiz with battery on a custodial officer (count 1/§ 243.1), aggravated battery (count 2/§ 243.9) and a prior prison term enhancement.

On November 28, 2011, at the Fresno County Jail, Correctional Officer Yesenia Montoya was getting Ortiz out of his cell so he could attend a court hearing when Ortiz spit on her face twice. During a struggle with Montoya and another correctional officer, Ortiz kicked Montoya on her right knee (case No. F11906778).

On November 30, 2011, Ortiz pled guilty in case No. F11906319 to assault with a deadly weapon and admitted the great bodily injury enhancement and the prior prison term enhancement alleged in that case. In case No. F11906340 Ortiz pled guilty to battery on a custodial officer. In exchange for his plea, the remaining counts in the two cases were dismissed, Ortiz would be sentenced to concurrent terms on his battery on a custodial officer conviction and for violating his probation in case No. F10902492, and he faced a maximum term of seven years in all three cases. Based on his plea to the two cases, the court found Ortiz violated his probation in case No. F10902492.

On February 2, 2012, the district attorney filed an information in case No. F11906778 charging Ortiz with aggravated battery (count 1) and a prior prison term enhancement.

On July 12, 2012, in case No. F11906778 Ortiz pled guilty to aggravated battery.

On July 13, 2012, the court sentenced Ortiz in the four cases to an aggregate eight-year prison term: the midterm of three years on his assault with a deadly weapon conviction in case No. F11906319, a consecutive three-year great bodily injury enhancement in that count and a consecutive one-year prior prison term enhancement; a

consecutive one-year term (one-third the midterm of three years) on his aggravated battery conviction in case No. F11906778; a concurrent midterm of two years on his possession of a controlled substance conviction in case No. F10902492; and a concurrent two-year term on his conviction for battery on a custodial officer in case No. F11906340.

Ortiz's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Ortiz has not responded to this court's invitation to submit additional briefing. However, our review of the record disclosed that the court erred in its award of presentence custody credit and by its failure to award restitution to K.L., the victim of Ortiz's assault with a deadly weapon offense. Further, following an independent review of the record we find that with the exception of these issues, which are discussed below, no other reasonably arguable factual or legal issues exist.

## DISCUSSION

### *Ortiz's Award of Presentence Custody Credit*

In case No. F10902492 the court awarded Ortiz a total of 540 days of presentence custody credit consisting of 270 days of presentence actual custody credit and 270 days of presentence conduct credit calculated pursuant to section 4019.[2] In case No. F11906319 the court awarded Ortiz presentence custody credit of 295 days consisting of 257 days of presentence actual custody credit and 38 days of presentence conduct credit pursuant to section 2933.1.[3] In case No. F11906340 the court awarded Ortiz 509 days of

---

[2]    In case No. F10902492 Ortiz was in presentence custody a total of 270 days, 13 days prior to his arrest on October 31, 2011, in case No. F11906319, and 257 days from that date until he was sentenced on July 13, 2012 (13 days + 257 days = 270 days).

[3]    In case No. F11906319 Ortiz was in presentence custody 257 days from October 31, 2011, through July 13, 2012.

presence custody credit consisting of 255 days of presentence actual custody credit[4] and 254 days of presentence conduct credit pursuant to section 4019. In case No. F11906778 the court awarded Ortiz 457 days of presentence custody credit consisting of 229 days of presentence actual custody credit[5] and 228 days of presentence conduct credit pursuant to section 4019.

Section 2900.5, subdivision (b) provides:

> "For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. *Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed*." (Italics added.)

"Section 2900.5, subdivision (b), only permits credit to be awarded 'once' when *consecutive* sentences are imposed[.]" (*People v. Cooksey* (2002) 95 Cal.App.4th 1407, 1415.)

From November 28, 2011, through July 13, 2012, Ortiz was in custody in all four cases. Further, the court awarded Ortiz presentence custody credit in case No. F11906319 for the above period of time. Thus, the court erred when it awarded Ortiz duplicative credit of 457 days of presentence custody credit for that period of time against the consecutive term it imposed in case No. F11906778.

"Where, however, the defendant's custody is solely presentence on all charges and he is simultaneously sentenced on all charges to concurrent terms, the policy behind section 2900.5 applies. Presentence custody credits must apply to all charges to equalize the total time in custody between those who obtain presentence release and those who do

---

**4**     In case No. F11906340 Ortiz was in presentence custody 255 days from November 2, 2011, through July 13, 2012.

**5**     In case No. F11906778 Ortiz was in presentence custody 229 days from November 28, 2011, through July 13, 2012.

not." (*People v. Kunath* (2012) 203 Cal.App.4th 906, 911.) Thus, the court properly awarded Ortiz duplicative presentence custody credit in case Nos. F10902492 and F11906340 because it imposed concurrent terms on each of Ortiz's convictions in those cases.

However, although section 4019 currently allows most defendants to earn two-for-two presentence conduct credit (§ 4019, subds. (b), (c) & (f)), when a defendant is convicted of a violent felony, section 2933.1 limits the defendant to earning a maximum of 15 percent of the actual period of presentence confinement. (§ 2933.1, subd. (c).)

In *People v. Nunez* (2008) 167 Cal.App.4th 761, the court held that the 15 percent limitation of section 2933.1 applied to each of two offenses for which the defendant was held in presentence custody even though one of the offenses was not a violent felony. (*Nunez, supra*, 167 Cal.App.4th at p. 765.) In *People v. Marichalar* (2003) 144 Cal.App.4th 1331 the court held that the 15 percent limitation applies even if the presentence custody for the nonviolent felony occurred prior to the commission of the violent felony. (*Id.* at p. 1337, accord *People v. Baker* (2002) 144 Cal.App.4th 1320, 1329, see also *In re Reeves* (2005) 35 Cal.4th 765, 780 [prisoner convicted of and serving a sentence for violent felony and non-violent felony limited to earning 15 percent worktime credit, but only while actually serving time for the violent offense].)

Ortiz's conviction for assault with a deadly weapon in case No. F11906319 was a violent felony because he admitted a great bodily injury enhancement with respect to that conviction (§ 667.5, subd. (c)(8)). Thus, the court erred when it awarded Ortiz two-for-two conduct credit pursuant to section 4019 against the concurrent terms it imposed in case Nos. F10902492 and F11906340 because section 2933.1 limited Ortiz to earning only 15 percent presentence conduct credit in those cases. In view of the foregoing, we will reduce Ortiz's award of presentence custody credit in case No. F10902492 from 540

6

days to 310 days[6] and his award of presentence custody credit in case No. F11906340 from 509 days to 293 days.[7]

### *The Failure to Award Restitution to Victim K.L.*

Section 1202.4, subdivision (f) provides that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." "[V]ictim restitution is mandatory and a sentence without such an award is invalid." (*People v. Rowland* (1997) 51 Cal.App.4th 1745, 1751–1752.)

It is clear that K.L., the victim of Ortiz's assault offense, suffered economic losses as a result of Ortiz's conduct because Ortiz stabbed K.L. with a knife, which required him to obtain medical treatment at a hospital. Additionally, in a letter to the probation department dated January 1, 2012, K.L. states that he continued to experience physical and emotional problems, had incurred additional medical expenses, and apparently had been unable to work as a result of being stabbed by Ortiz. Thus, the court erred by its failure to determine K.L.'s entitlement to restitution from Ortiz and to order Ortiz to pay K.L. this amount.

### DISPOSITION

Ortiz's award of presentence custody credit in case No. F11906778 is stricken, his award of presentence custody credit in case No. F10902492 is reduced from 540 days to 310 days as calculated above, and his award of presentence custody credit in case No. F11906340 is reduced from 509 days to 293 days as calculated above. Additionally, the trial court is directed to determine the amount of restitution victim K.L. is entitled to

---

[6]    270 days x 15 percent = 40.5 days; 270 days + 40 days = 310 days.

[7]    255 days x 15 percent = 38.25 days; 255 days + 38 days = 293 days.

receive from Ortiz and to order Ortiz to pay K.L. this amount. The trial court is also directed to prepare an abstract of judgment that is consistent with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.